■ PEASE & ELLIMAN, INC. v. HANOVER BANK et al., as Executors of WILLIAM WOODWARD, JR., Deceased, Defendants, and WILLIAM J. LEVITT, Appellant.— Motion granted insofar as to stay the examination before trial of the defendant-appellant until five days after a copy of the order of this court, with notice of entry thereof, affirming the order appealed from has been served upon respondent, in the event said order is affirmed. In the event that the order appealed from is reversed, then the examination before trial of the defendant-appellant is stayed until five days after a further bill of particulars shall have been served upon the appellant by respondent in accordance with the determination of this court. The aforesaid stay, however, is conditioned upon the appellant arguing or submitting the appeal on the 27th day of May, 1958. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ.

## (May 20, 1958)

■ In the Matter of THEODORE LANDAU, Respondent, against SEMINOLE OIL & GAS CORPORATION et al., Appellants, and CORPORATION TRUST COMPANY, Respondent. In the Matter of THEODORE LANDAU, Respondent, against SEMINOLE OIL & GAS CORPORATION, Appellant.— Orders unanimously affirmed. The holding of the stockholders' meeting prior to August 4, 1958 is stayed. Costs to petitioner-respondent as against the appellants. Settle order. Concur — Botein, P. J., Rabin, McNally, Stevens and Bergan, JJ.

■ CARMINE FIORELLO, Respondent, v. TOWERS MANAGEMENT CORP., Appellant, et al., Defendants.— Order unanimously reversed on the facts and as a matter of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs, and judgment is directed to be entered dismissing the complaint. This determination is without prejudice to an application by plaintiff-respondent for appropriate relief on proper papers, including an affidavit of merits by the plaintiff, and upon payment of the costs on this appeal and the costs incident to the dismissal of this action. We have repeatedly held that to successfully resist a motion of this kind plaintiff must submit papers demonstrating a reasonably substantial excuse for the failure to prosecute buttressed by an affidavit of merits by the plaintiff. The record in this case fails to disclose any affidavit of merits. (*Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; *Fischetti* v. *242 East 19th St. Corp.*, 4 A D 2d 867.) Concur — Botein, P. J., Rabin, McNally, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE MARKS, Appellant.— The evidence in this case supports the judgment of conviction very strongly, and the said judgment is unanimously affirmed. However, we are constrained to comment upon the impropriety of certain portions of the prosecutor's summation. In vouching for the truthfulness of witnesses with unsavory backgrounds and for the conduct of police officers, the prosecutor attempted to bolster the credibility of these witnesses with the prestige of his office, his own character and personality. No matter how provocative the closing statement of defense counsel might be, there can be no justification for such tactics. Concur — Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.